```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/6/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
MICHAEL JOHN MURRAY,                                           :
                                                               :
                                        Plaintiff,             :          1:24-cv-08015-GHW
                                                               :
                    -v-                                        :          ORDER OF DISMISSAL
                                                               :          WITH LEAVE TO AMEND
THE STATE OF NEW YORK, *et al.*,                               :
                                                               :
                                        Defendants.            :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiff Michael John Murray brings this action *pro se*. He has paid the fees to bring this action. Plaintiff seeks damages and injunctive relief pursuant to claims under the Thirteenth Amendment and Fourteenth Amendment. Construed liberally, Plaintiff's complaint sues: (1) Governor Kathy Hochul; (2) Attorney General Letitia James; (3) Leila Bozorg; (4) Derek Davis; (5) Georgette Murray; (6) the State of New York; (7) the New York City Housing Authority ("NYCHA"); and (8) the Graduate Center of the City University of New York ("CUNY"). For the reasons set forth below, the Court dismisses this action *sua sponte* and grants Plaintiff leave to amend his complaint within thirty (30) days of this order.

### I.   STANDARD OF REVIEW

The Court has the authority to dismiss a pro se complaint *sua sponte* if the Court determines that the action is frivolous, even where the plaintiff has paid the fees to bring a civil action. *See Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F. 3d 362, 363–64 (2d Cir. 2000). "An action is 'frivolous' when either: (1) 'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*,

912 F.2d 605, 606 (2d Cir. 1990) (per curiam)).  The Court must also dismiss an action *sua sponte* where it lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  Finally, the Court may dismiss an action *sua sponte* for failure to state a claim on which relief may be granted "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F. 3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted), *abrogated on other grounds*, *Murphy v. Hughson*, 82 F. 4th 177 (2d Cir. 2023).

Where, as here, the plaintiff proceeds pro se, the Court construes the complaint "liberally," *Harris v. Mills*, 572 F. 3d 66, 72 (2d Cir. 2009), and interprets the complaint's allegations to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).  Still, the Court's "special solicitude" in pro se cases, *id.* at 475, does not absolve a pro se plaintiff of the requirement under Rule 8 of the Federal Rules of Civil Procedure that his complaint provide a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Salahuddin v. Cuomo*, 861 F.2d 40, 41 (2d Cir. 1988).

Rule 8 requires a complaint to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In reviewing a motion to dismiss, the Court "accept[s] all factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

## II. BACKGROUND

Plaintiff brought this pro se action on October 22, 2024, and paid the requisite filing fee on the same day. Dkt. No. 1. On October 25, 2026, Plaintiff filed the operative amended complaint. Dkt. No. 4 ("Amended Complaint"). The Amended Complaint names eight defendants: The State of New York; NYCHA; Leila Bozorg, the Executive Director of Housing at NYCHA; CUNY; Derek Davis, General Counsel at CUNY; New York Governor Kathy Hochul; New York Attorney General Letitia James; and Georgette Banks Murray, who appears to be Plaintiff's ex-wife. The Amended Complaint brings claims against these defendants under the Thirteenth and Fourteenth Amendments to the United States Constitution. *Id.* at 2.

Plaintiff alleges that the State of New York violated his rights because (1) in 1996, the New York State Secretary of State issued correspondence stating that there was no record of Plaintiff having a Real Estate Salesman license; (2) in or around 1995, the State of New York Department of Education did not address Plaintiff's administrative claims against CUNY; (3) in 1980, the People of the State of New York engaged in "questionable Estoppel upon proprietorship endeavors" after Plaintiff inquired about "legal procedures to raise capital"; and (4) in 1998, the Supreme Court of the State of New York improperly entered a default divorce judgment. *Id.* at 5A.

As to Defendant NYCHA, Plaintiff alleges that, in 1987, NYCHA improperly issued an Income Execution Order against him, which the Plaintiff claims he has "attempted to resolve by issuing a check to the creditor's attorney to cover legal and clerical fees." *Id.*

As to Defendant CUNY, Plaintiff alleges that (1) in 1962, CUNY misused his social security account number; and (2) in 1994, CUNY wrongfully terminated Plaintiff as a student after Plaintiff warned that CUNY was in possession of copyrighted materials." *Id.* at 5B.

3

Finally, Plaintiff alleges that Georgette Murray, in 1998, engaged in "[i]rregularities in the process serving of divorce summons" against him. *Id.* Plaintiff alleges that the "default divorce judgment" Ms. Murray obtained is therefore invalid. *Id.*

The Amended Complaint makes no allegations regarding Governor Hochul, Attorney General James, Ms. Bozorg, and Mr. Davis. *See id.* at 5A-5B.

Plaintiff seeks (1) declaratory judgment "to correct all 'State Agency Purview Judgements' which are errors to actuarial records"; (2) vacatur of the 1998 divorce judgment against him; (3) repayment of all military and welfare amounts for "parents' time in government service"; (4) repayment of Plaintiff's "pension input into [his] wife's public agency occupation"; (5) repayment of Plaintiff's "input into New York City municipal and union death benefit insurance"; and (6) retrieval of his CUNY undergraduate papers. *Id.* at 6B.

### III. DISCUSSION

Because Plaintiff seeks redress for violations of his rights under the Thirteenth and Fourteenth Amendments to the United States Constitution, the Court construes Plaintiff's Amended Complaint as asserting claims under 42 U.S.C. § 1983. *See, e.g.*, *Connecticut Citizens Def. League, Inc. v. Thody*, 664 F. Supp. 3d 235, 246 (D. Conn. 2023), *aff'd*, No. 23-724-CV, 2024 WL 177707 (2d Cir. Jan. 17, 2024) ("An action taken directly from the Constitution . . . is impermissible. Section 1983 is the exclusive federal remedy for violations of constitutional rights."). Plaintiff's claims against the State of New York and CUNY are barred by the Eleventh Amendment. Plaintiff's claims against Governor Hochul, Attorney General James, NYCHA, Leila Bozorg, and Derek Davis are barred by Section 1983's statute of limitations. Plaintiff's claim against Ms. Murray fails because he has not alleged that her actions are attributable to the state, as required for a claim under Section 1983.

### a. Plaintiff's Claims Against the State of New York and CUNY Are Barred by the Eleventh Amendment

4

The Eleventh Amendment to the United States Constitution "bars a suit in law or equity in federal court against a State absent the State's consent to such a suit or congressional abrogation of immunity." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996).  "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).  CUNY is an arm of the state to which Eleventh Amendment immunity applies.  *See Clissuras v. City Univ. of New York*, 359 F.3d 79, 83 (2d Cir.), *supplemented sub nom. Clissuras v. City of Univ. of New York*, 90 F. App'x 566 (2d Cir. 2004).  The State of New York has not waived its Eleventh Amendment immunity for suits under Section 1983, *Trotman v. Palisades Interstate Park Comm'n*, 557 F. 2d 35, 40 (2d Cir. 1977), and Congress has not abrogated the States' immunity for claims under Section 1983, *Dube v. State Univ. of N.Y.*, 900 F. 2d 587, 594 (2d Cir. 1990).  Accordingly, the Eleventh Amendment bars Plaintiff's claims against the State of New York and CUNY.  Plaintiff's claims against the State of New York and CUNY are thus dismissed.

Plaintiff's claims against the State of New York and CUNY are likely to be futile in light of the Eleventh Amendment.  However, Plaintiff is proceeding pro se, and the Second Circuit has "repeatedly cautioned against *sua sponte* dismissals of pro se complaints prior to requiring the defendants to answer" without first granting "leave to amend." *Salahuddin*, 861 F.2d at 42–43; *see also Wachtler*, 35 F.3d at 82 ("The district court has the power to dismiss a complaint sua sponte for failure to state a claim . . . so long as the plaintiff is given notice and an opportunity to be heard." (internal quotation marks and citations omitted)).  Accordingly, Plaintiff's claims against the State of New York and CUNY are dismissed with leave to amend his Amended Complaint within 30 days.

### b. Plaintiff's Section 1983 Claims Against NYCHA, Leila Bozorg, Governor Hochul, Attorney General James, and Derek Davis Are Time-Barred

"Section 1983 claims based on events that occurred within New York State have 3-year statute of limitations." *Holden v. Port Auth. of New York & New Jersey*, 521 F. Supp. 3d 415, 433

5

(S.D.N.Y. 2021); *accord Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) ("Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations."). That is because "[i]n section 1983 actions, the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions,'" *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)) (alterations in original), which in New York is three years, N.Y. C.P.L.R. § 214(5).

The three-year statute of limitations on Section 1983 claims begins to run "once the plaintiff knows or has reason to know of the injury which is the basis of his action." *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) (internal quotation marks and citations omitted). The limitations period may be tolled in accordance with "state tolling rules . . . unless state tolling rules would 'defeat the goals' of section 1983." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) (quoting *Pearl*, 296 F.3d at 80).

"[T]he statute of limitations is ordinarily an affirmative defense that must be raised in the answer." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). Still, "an affirmative defense appearing on the face of a complaint may . . . be the basis for a *sua sponte* dismissal." *Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) (affirming *sua sponte* dismissal of untimely pro se Section 1983 action). Here, "it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law" as to NYCHA, Leila Bozorg, Governor Hochul, Attorney General James, and Derek Davis. *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024) (quoting *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015)). Plaintiff's Section 1983 claims against these defendants are therefore dismissed without prejudice to amend his Amended Complaint.

To start, it is clear from the face of Plaintiff's pro se pleading that his Section 1983 claim against NYCHA is time-barred. The allegedly improper Income Execution Order that grounds Plaintiff's claims against NYCHA was issued in 1987, Amended Complaint at 5A, well outside of the

6

three-year statute of limitations on Section 1983 actions in New York, *see Hogan*, 738 F.3d at 517. The injury from an income execution order would ordinarily be felt almost immediately, when the plaintiff receives their next paycheck. Plaintiff does not provide allegations that he did not know, or had no reason to know, of his injury from the Income Execution Order until a later date. *See Veal*, 23 F.3d at 724. Nor does he provide allegations suggesting that the limitations period would be tolled. *See Abbas*, 480 F.3d at 641. Plaintiff alleges only that he "has attempted to resolve the issue by issuing a check to creditor's attorney in order to cover legal and clerical fees connected with" the Income Execution Order. Amended Complaint at 5A. This bare allegation does not permit an inference that the statute of limitations has not run on Plaintiff's claim against NYCHA. *See Borrero v. Colvin*, No. 14CV5304-LTS-SN, 2015 WL 1262276, at *4–5 (S.D.N.Y. Mar. 19, 2015) (dismissing pro se complaint because plaintiff had not met his burden of demonstrating that statute of limitations was tolled); *see also Abbas*, 480 F.3d at 640–41 (affirming dismissal of pro se complaint after finding that statute of limitations was not tolled). Accordingly, it is clear from the face of the Amended Complaint that Plaintiff's Section 1983 claim against NYCHA is time-barred. "In light of Plaintiff's pro se status, however, the Court grants Plaintiff 30 days' leave to replead" this claim "in an amended complaint in which he alleges facts showing why [his] claims are timely or why the applicable limitation periods should be equitably tolled." *Garnes v. ABM Janitorial Servs., Inc.*, No. 1:22-CV-2078 (LTS), 2022 WL 1156154, at *4 (S.D.N.Y. Apr. 18, 2022) (dismissing untimely pro se claim *sua sponte*, with leave to replead).

It is also clear from the face of the Amended Complaint that any implied Section 1983 claim against Leila Bozorg is time-barred. Plaintiff makes no allegations regarding Ms. Bozorg, but Ms. Bozorg is the Executive Director for Housing at NYCHA, Amended Complaint at 4, and Plaintiff's pleading, construed liberally, may be interpreted to bring claims for injunctive relief against Ms. Bozorg in her official capacity as a NYCHA official, *see Edelman v. Jordan*, 415 U.S. 651, 677 (1974),

7

or for damages against Ms. Bozorg in her personal capacity, *see Davis v. New York City Hous. Auth.*, 379 F. Supp. 3d 237, 257 (S.D.N.Y. 2019) (sustaining Section 1983 damages claim against NYCHA official). However, in the absence of any additional allegations against Ms. Bozorg, it is clear from the face of the Amended Complaint that any Section 1983 claims against her are time-barred because any constitutional deprivations alleged against NYCHA are time-barred. Plaintiff's implied Section 1983 claims against Ms. Bozorg are therefore dismissed, with leave to amend his Amended Complaint within 30 days to include allegations "showing why those claims are timely or why the applicable limitation periods should be equitably tolled." *Garnes*, 2022 WL 1156154, at *4.

It is also clear from the face of the Amended Complaint that any implied Section 1983 claims against Governor Hochul and Attorney General James are time-barred. Plaintiff makes no allegations regarding Governor Hochul or Attorney General James. But Plaintiff's pleading, construed liberally, may be interpreted to bring claims for injunctive relief against Governor Hochul and Attorney General James in their official capacities as New York State officials, *see Edelman*, 415 U.S. at 677, or for damages in their personal capacities, *see Bryant v. New York State Dep't of Correction Servs. Albany*, 146 F. Supp. 2d 422, 426 (S.D.N.Y. 2001). However, in the absence of any additional allegations against Governor Hochul or Attorney General James, it is clear from the face of the Amended Complaint that any Section 1983 claims against them are time-barred because any constitutional deprivations alleged against the State of New York are time-barred. The alleged constitutional violations that Plaintiff attributes to the State of New York occurred between 1980 and 1998, *see* Amended Complaint at 5A, well outside the three-year statute of limitations for Section 1983 actions, *Hogan*, 738 F.3d at 517. Plaintiff does not provide allegations that he did not know, or had no reason to know, of his injuries from these alleged deprivations until a later date. *See Veal*, 23 F.3d at 724. Plaintiff does allege that New York State's improper entry of a default divorce judgment in 1998 included an "incorrect address" which caused "a twenty year delay to request

8

'show cause.'" Amended Complaint at 5A. However, a twenty-year delay would mean Plaintiff knew of the divorce by 2018, still more than three years before this action was filed in 2024. *Id.* at 1. Plaintiff provides no allegations suggesting that the limitations period should be tolled. *See Abbas*, 480 F.3d at 641. Accordingly, it is clear from the face of the Amended Complaint, as currently alleged, that any implied Section 1983 claims against Governor Hochul and Attorney General James are time-barred. Plaintiff's implied Section 1983 claims against Governor Hochul and Attorney General James are therefore dismissed, with leave to amend his Amended Complaint within 30 days to include allegations "showing why those claims are timely or why the applicable limitation periods should be equitably tolled." *Garnes,* 2022 WL 1156154, at *4.

Finally, it is clear from the face of the Amended Complaint that any implied Section 1983 claims against Derek Davis are time-barred. Plaintiff makes no allegations regarding Mr. Davis, but Mr. Davis is the general counsel at CUNY, Amended Complaint at 5, and Plaintiff's pleading, construed liberally, may be interpreted to bring claims for injunctive relief Mr. Davis in his official capacity as a CUNY official, *see Edelman*, 415 U.S. at 677, or for damages against Mr. Davis in his personal capacity, *Goonewardena v. New York*, 475 F. Supp. 2d 310, 330 (S.D.N.Y. 2007) (sustaining Section 1983 damages claim against CUNY official). However, in the absence of any additional allegations against Mr. Davis, it is clear from the face of the Amended Complaint that any Section 1983 claims against him are time-barred because any constitutional deprivations alleged against CUNY are time-barred. The alleged constitutional violations that Plaintiff attributes to CUNY occurred between 1962 and 1995, *see* Amended Complaint at 5B, well outside of the three-year statute of limitations for Section 1983 actions, *Hogan*, 738 F.3d at 517. Plaintiff provides no allegations that he did not know, or had no reason to know, of his injuries from these alleged deprivations until a later date, *see Veal*, 23 F.3d at 724, nor does he provide allegations suggesting that the limitations period should be tolled, *see Abbas*, 480 F.3d at 641. Plaintiff's implied Section

9

1983 claims against Mr. Davis are therefore dismissed, with leave to amend his Amended Complaint within 30 days to include allegations "showing why those claims are timely or why the applicable limitation periods should be equitably tolled." *Garnes,* 2022 WL 1156154, at *4.

### c. Plaintiff's Section 1983 Claim Against Ms. Murray Fails because the Amended Complaint Does Not Allege that Her Conduct is Attributable to the State

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005)). "A plaintiff pressing a claim of violation of his constitutional rights under [Section] 1983 is thus required to show state action." *Id.* (quoting *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003)). State action requires, among other things, that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Ms. Murray is a private citizen. Accordingly, her actions may be attributable to the state only in "limited circumstances." *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019); *see also Lurch v. City of New York*, No. 19-CV-11253 (AJN), 2021 WL 1226927, at *3 (S.D.N.Y. Mar. 31, 2021) ("[H]olding a private actor liable for constitutional violations is a high bar"). "Three main tests have emerged" to determine whether the actions of a private party may be "attributable to the state." They are:

> (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ("the compulsion test"); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ("the joint action test" or "close nexus test"); or (3) when the entity has been delegated a public function by the state ("the public function test").

*Id.* at 207 (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). "Mere approval of or acquiescence in the initiatives of a private party" will not suffice to meet these tests. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant*, 691 F.3d at 207 (quoting *Sullivan*, 526 U.S. at 50).

The Amended Complaint does not allege facts supporting an inference that Ms. Murray's actions are attributable to the state. The Amended Complaint alleges, at most, that Ms. Murray did not properly serve Plaintiff with a divorce summons in 1998, and that Plaintiff had no "recourse to Church counsel" because the divorce violated scripture. Amended Complaint at 5B. Even construed liberally, those allegations do not support an inference that the state compelled Ms. Banks's actions, that the state acted jointly with her, or that Ms. Banks was acting pursuant to a delegation of a public function. *See Fabrikant*, 691 F.3d at 207. Accordingly, Plaintiff's claims under Section 1983 against Ms. Murray are dismissed for failure to allege state action, without prejudice to amend his Amended Complaint within thirty days of the entry of this order.

## IV.    IMPLIED STATE LAW CLAIMS

To the extent that Plaintiff's pleading can be interpreted to bring claims under state law, *see Triestman*, 470 F.3d at 474 (noting that pro se pleadings must be interpreted "to raise the strongest arguments that they suggest" (internal quotation marks and emphasis omitted)), the Court declines to exercise supplemental jurisdiction over those claims. A federal district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental

jurisdiction over any claims under state law that may be implied from Plaintiff's pro se pleading. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (noting the "discretionary nature" of the exercise of supplemental jurisdiction).

### V.     LEAVE TO AMEND GRANTED

Plaintiff's claims are dismissed without prejudice. It is the "usual practice" upon dismissing a complaint "to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). That is especially true where, as here, a plaintiff has not yet had the opportunity to amend the complaint with the benefit of a ruling from the Court, *see Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies."), and where a plaintiff is proceeding pro se and his complaint is dismissed *sua sponte*, *see Salahuddin*, 861 F.2d at 42–43; *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000) (explaining that courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated"). The Court cannot determine, at this early stage, that the pleading deficiencies in the Amended Complaint cannot be corrected, such that amendment would be futile. Accordingly, Plaintiff is granted leave to amend the Amended Complaint.

Any amended complaint must be filed within thirty (30) days from the date of this order. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

### VI.     **CONCLUSION**

For the foregoing reasons, the Court dismisses *sua sponte* the Amended Complaint, without prejudice to amend within thirty (30) days from the date of this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff Michael John Murray at 1846 Matthews Avenue, Apartment #1R, Bronx, New York 10462.  The Clerk of Court is also directed to terminate the motion pending at Dkt. No. 10, as this order renders that motion moot.

SO ORDERED.

Dated:  December 6, 2024
        New York, New York

                                                                _____
                                                                GREGORY H. WOODS
                                                                United States District Judge