```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 2/2/2025
------------------------------------------------------------- X
                                              :
MICHAEL JOHN MURRAY,                          :
                                              :
                                  Plaintiff,  :         1:24-cv-08015-GHW
                                              :
                   -v-                        :         ORDER OF DISMISSAL
                                              :         WITHOUT LEAVE TO AMEND
THE STATE OF NEW YORK, et al.,                :
                                              :
                                  Defendants. :
                                              :
------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

Plaintiff Michael John Murray brings this action *pro se*, seeking damages and injunctive relief under the Thirteenth and Fourteenth Amendments. The Court dismissed Plaintiff's first amended complaint *sua sponte* because his claims against the State of New York and the Graduate Center of the City University of New York ("CUNY") were barred by the Eleventh Amendment, and his claims against the New York City Housing Authority ("NYCHA") were time-barred. The Court granted Plaintiff leave to amend to correct those deficiencies.

Plaintiff's second amended complaint is now before the Court. The second amended complaint does not correct the deficiencies identified in the Court's prior order. Accordingly, Plaintiff's claims are again dismissed *sua sponte*, this time without further leave to amend.

## I. BACKGROUND

Plaintiff brought this action *pro se* on October 22, 2024, and paid the requisite filing fee on the same day. Dkt. No. 1. On October 25, 2024, Plaintiff filed the first amended complaint ("FAC"). Dkt. No. 4. The FAC brought claims under the Thirteenth and Fourteenth Amendments to the United States Constitution, *id.* at 2, against the State of New York, CUNY, NYCHA, and five individual government officials, *id.* at 4–5. The FAC's claims against the State of New York and

CUNY were based on alleged conduct that occurred between 1962 and 1998. *Id.* at 5A–5B. Its claims against NYCHA were based on alleged conduct that occurred in 1987. *Id.* at 5A. Its claims against the individual defendants were based on alleged conduct that occurred in the 1980s and 1990s. *See id.* at 5A-5B.

On December 6, 2024, the Court dismissed the FAC *sua sponte*. Dkt. No. 12. The Court construed the FAC's claims as brought under 42 U.S.C. § 1983 ("Section 1983"), because the FAC's claims were brought under the Thirteenth and Fourteenth Amendments, and "Section 1983 is the exclusive federal remedy for violations of constitutional rights." *Id.* at 4 (quoting *Connecticut Citizens Def. League, Inc. v. Thody*, 664 F. Supp. 3d 235, 246 (D. Conn. 2023), *aff'd*, No. 23-724-CV, 2024 WL 177707 (2d Cir. Jan. 17, 2024)). The Court held that the Eleventh Amendment barred the FAC's claims against the State of New York, *id.* at 4–5, as well as CUNY, which is "an arm of the state," *id.* at 5 (citing *Clissuras v. City Univ. of New York*, 359 F.3d 79, 83 (2d Cir.), *supplemented sub nom. Clissuras v. City of Univ. of New York*, 90 F. App'x 566 (2d Cir. 2004)). The Court held that the FAC's claim against NYCHA was time-barred, *id.* at 6, because NYCHA's alleged misconduct occurred "well outside of the three-year statute of limitations on Section 1983 actions in New York," *id.* at 6–7 (citing *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013)). The Court dismissed the FAC's claims against the individual defendants because they were either time-barred, *id.* at 7–10, or failed to allege state action, *id.* at 10–11. Because Plaintiff was proceeding *pro se*, and because the Court was dismissing his claims *sua sponte*, the Court granted Plaintiff leave to amend the FAC to address the "pleading deficiencies" that the Court had identified. *Id.* at 12.

On December 30, 2024, Plaintiff filed the operative Second Amended Complaint. Dkt. No. 14. On January 3, 2025, Plaintiff filed a letter correcting three minor "mistakes" in the Second Amended Complaint. Dkt. No. 13 (together with Dkt. No. 14, the "SAC").

The SAC drops Plaintiff's claims against the individual government officials, leaving as remaining defendants only the State of New York, CUNY, and NYCHA (together, "Defendants"). SAC at 4.  It adds an argument that Plaintiff's claims "should not be construed" as asserted under Section 1983.  *Id.* at 5.  It also adds an argument that "[t]he complaint is compliant with Article II § 8 of [the] New York State Consolidated Laws regarding waiver of immunity from liability."[1]  *Id.*  Finally, it adds a lengthy section detailing the alleged injuries Plaintiff has suffered since 1985.  *Id.* at 6–6C.

The SAC's allegations regarding Defendants' conduct, however, are virtually unchanged from those in the FAC.  As in the FAC, Plaintiff alleges that the State of New York violated his rights because (1) in 1996, the New York State Secretary of State issued correspondence stating that there was no record of Plaintiff having a Real Estate Salesman license; (2) in or around 1995, the New York State Department of Education did not address Plaintiff's administrative claims against CUNY; (3) in 1980, the People of the State of New York engaged in "questionable Estoppel upon proprietorship endeavors" after Plaintiff inquired about "legal procedures to raise capital"; and (4) in 1998, the Supreme Court of the State of New York improperly entered a default divorce judgment after engaging in alleged "irregularities in process service."  *Id.* at 5A–5B.  The SAC adds a clause providing further detail on the alleged irregularities during the 1998 divorce proceeding,[2] and adds citations to bible verses in support of its argument that the ensuing divorce judgment was invalid.

---

[1] The SAC elsewhere suggests that the Court has jurisdiction to hear Plaintiff's claims under 42 U.S.C. § 405, SAC at 5A, as well as under N.Y. C.P.L.R. § 304 and N.Y. C.P.L.R. § 305, *id.* at 5C.  42 U.S.C. § 405 governs, among other things, various administrative procedures for determining social-security benefits.  N.Y. C.P.L.R. §§ 304 and 305 set forth procedures for commencing an action in New York state court.  None of these statutes confer jurisdiction over Plaintiff's claims in this case.

[2] The new clause alleges that the State of New York, through the Supreme Court of the State of New York, did not "present[] or sign[]" a "form UD-7" during the divorce proceeding.  SAC at 5B.  To the extent that this allegation may be construed as bringing a separate claim against the Supreme Court of the State of New York, the Court notes that "the New York State Unified Court System is unquestionably an arm of the State," and is thus equally "entitled to Eleventh Amendment immunity."  *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (barring claims against the New York Unified Court System under the Eleventh Amendment) (quotation omitted); *see also, e.g.*, *Craft v. New York State Supreme Ct., Dutchess Couty*, No. 22-CV-10347 (LTS), 2022 WL 17822718, at *2 (S.D.N.Y. Dec. 19, 2022) (barring claims against the Supreme Court of the State of New York under the Eleventh Amendment).

*Id.* at 5B. The SAC's allegations against the State of New York are otherwise identical to those in the FAC.

As to Defendant CUNY, Plaintiff alleges, as in the FAC, that (1) in 1962, CUNY misused his social security account number; and (2) in 1994, CUNY wrongfully terminated Plaintiff as a student after Plaintiff warned that CUNY was in possession of copyrighted materials. *Id.* at 5B–5C. The SAC revises the "status" of CUNY's designation of his social security number from "1Y Feb. 15, 1968" to "1Y January 22, 1963." *Id.* at 5C. The SAC's allegations against CUNY are otherwise identical to those in the FAC.

As to Defendant NYCHA, Plaintiff alleges, as in the FAC, that NYCHA improperly issued an Income Execution Order against him in 1987. *Id.* at 5C. A "correlative . . . [g]arnishment" of his income occurred in 1985. *Id.* Plaintiff alleges that he has "attempted to resolve the issue by issuing a check to the creditor's attorney to cover legal and clerical fees." *Id.* at 5C. The SAC adds a request for a "summary judgment . . . for actuary purposes" of the debt he incurred as a result of the Income Execution Order and garnishment. *Id.* The SAC's allegations against NYCHA are otherwise identical to those in the FAC.

The SAC seeks (1) declaratory judgment "to correct all 'State Agency Purview Judgements' which are errors to actuarial records"; (2) vacatur of the 1998 divorce judgment against Plaintiff; (3) repayment of "all military and welfare amounts" for "parents' time in government service"; (4) payment for "medical reimbursement and health care plans" related to Plaintiff's "parenting and teaching of actuary matters to primary family members" regarding "personal preventive medical accountability"; (5) repayment of Plaintiff's "input into New York City municipal and union death benefit insurance"; and (6) retrieval of Plaintiff's CUNY undergraduate papers. *Id.* at 6D-6F (emphases omitted).

## II. STANDARD OF REVIEW

The Court has the authority to dismiss a pro se complaint *sua sponte* if the Court determines that the action is frivolous, even where the plaintiff has paid the fees to bring a civil action. *See Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F. 3d 362, 363–64 (2d Cir. 2000). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted). The Court must also dismiss an action *sua sponte* if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Finally, the Court may dismiss an action *sua sponte* for failure to state a claim on which relief may be granted "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. of Herkimer*, 35 F. 3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted), *abrogated on other grounds*, *Murphy v. Hughson*, 82 F. 4th 177 (2d Cir. 2023).

Where, as here, the plaintiff proceeds *pro se*, the Court construes the complaint "liberally," *Harris v. Mills*, 572 F. 3d 66, 72 (2d Cir. 2009), and interprets the complaint's allegations to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (quotation omitted). Still, the Court's "special solicitude" in *pro se* cases, *id.* at 475 (quotation omitted), does not absolve a *pro se* plaintiff of the requirement under Rule 8 of the Federal Rules of Civil Procedure that his complaint provide a "short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). *See Salahuddin v. Cuomo*, 861 F.2d 40, 41–42 (2d Cir. 1988).

Rule 8 requires a complaint to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

5

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a motion to dismiss, the Court "accept[s] all factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

### III. DISCUSSION

The SAC must again be dismissed. Plaintiff has not corrected the deficiencies identified in the Court's dismissal of his prior complaint. Plaintiff's claims must be construed as brought under Section 1983, his claims against the State of New York and CUNY (together, the "State Defendants") are barred by the Eleventh Amendment, and his claims against NYCHA are barred by the statute of limitations.

#### a. Plaintiff's Claims Arise Under Section 1983

As an initial matter, Plaintiff's claims under the Thirteenth and Fourteenth Amendments must be construed as brought under Section 1983. As discussed, the Court's prior order construed Plaintiff's constitutional claims as brought under Section 1983, Dkt. No. 12 at 4, before dismissing Plaintiff's claims because of the immunity afforded to states under the Eleventh Amendment and Section 1983's three-year statute of limitations, *id.* at 5–7. In response, Plaintiff, rather than altering the substance of his factual allegations, amended his complaint to argue that the constitutional claims in the SAC "should not be construed as . . . asserted [under] 42 U.S.C. § 1983." SAC at 5.

That is not an option that is available to the Court. As the Court explained in its prior order, "Section 1983 is the exclusive federal remedy for violations of constitutional rights." Dkt. No. 12 at 4 (quoting *Thody*, 664 F. Supp. 3d at 246). The Second Circuit has long held that "when [Section] 1983 provides a remedy, an implied cause of action grounded on the Constitution is not available." *Pauk v. Bd. of Trustees of City Univ. of New York*, 654 F.2d 856, 865 (2d Cir. 1981). Section 1983 provides a remedy for violations of the Thirteenth and Fourteenth Amendments. *See, e.g., Jobson v.*

6

*Henne*, 355 F.2d 129, 132 (2d Cir. 1966) (sustaining Section 1983 claim alleging violations of Thirteenth Amendment); *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (sustaining Section 1983 claim alleging violations of Fourteenth Amendment). Accordingly, the Court will again proceed by construing Plaintiff's claims as brought under Section 1983, *see* Dkt. No. 12 at 4, as not doing so would require immediate dismissal, *see, e.g.*, *Thody*, 664 F. Supp. 3d at 246 ("An action taken directly from Constitution . . . is impermissible.").

### b. Plaintiff's Claims Against the State of New York and CUNY Are Barred by the Eleventh Amendment

As the Court explained in its prior order, the Eleventh Amendment "bars a suit in law or equity in federal court against a State absent the State's consent to such a suit or congressional abrogation of immunity." Dkt. No. 12 at 5 (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (quotation omitted). CUNY is an arm of the state to which Eleventh Amendment immunity applies. *Clissuras*, 359 F.3d at 83. "The Supreme Court has made clear that Congress did not intend to override states' [Eleventh Amendment] immunity on Section 1983 claims," *New York Communities for Change v. New York State Unified Ct. Sys./Off. of Ct. Admin.*, 680 F. Supp. 3d 407, 413 (S.D.N.Y. 2023) (citing *Quern v. Jordan*, 440 U.S. 332, 340–42 (1979)), "and 'it is well-established that New York has not consented to [Section] 1983 suits in federal court,'" *id.* (quoting *Mamot v. Bd. Of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010)).

In light of the State Defendants' Eleventh Amendment immunity, the Court previewed in its opinion dismissing the FAC that Plaintiff's constitutional claims against them were "likely to be futile." Dkt. No. 12 at 5. Despite this, the SAC makes virtually no changes to its claims against the State Defendants. *See supra* Part I. Instead, the SAC adds an argument that the Court has jurisdiction under "Article II § 8 of [the] New York State Consolidated Laws regarding waiver of

7

immunity from liability." SAC at 5. This is apparently a reference to Section 8 of the New York Court of Claims Act ("Section 8"), which does "provide[] that the State of New York waives its immunity from liability and consents to be sued," but only "upon condition that the claimant brings suit in the Court of Claims."[3] *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39 (2d Cir. 1977) (citing N.Y. Ct. Cl. Act § 8). The Court of Claims is a state court organized under New York state law. N.Y. Ct. Cl. Act § 2(1). Section 8, therefore, does not constitute "a waiver of [New York's] Eleventh Amendment immunity in . . . federal courts" like this one. *Trotman*, 557 F.2d at 40; *see also, e.g.*, *Wilson v. City of New York*, No. 23CV7771NRMCLP, 2024 WL 1308706, at *2 (E.D.N.Y. Mar. 26, 2024) ("Section 8 of the New York Court of Claims Act is not a waiver of sovereign immunity from suit for damages in federal court." (citation omitted)).

For these reasons, Plaintiff's claims against the State Defendants are again dismissed because they are immune from suit pursuant to the Eleventh Amendment.[4]

---

[3] The state's waiver of immunity under Section 8 is also subject to the "limitations" set forth in Article II of the New York Court of Claims Act. Section 8 provides, in full:

> The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article. Nothing herein contained shall be construed to affect, alter or repeal any provision of the workmen's compensation law.

N.Y. Ct. Cl. Act § 8.

[4] As discussed, the Court does not understand Plaintiff to be seeking "prospective injunctive relief" against any state officials to prevent them from enforcing laws that violate his constitutional rights. *Edelman v. Jordan*, 415 U.S. 651, 677 (1974). Such claims may fall under a "narrow exception to Eleventh Amendment immunity" first recognized by the Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908), if they "allege[] an ongoing violation of federal law and seek[] relief properly characterized as prospective." *Unkechaug Indian Nation v. Seggos*, No. 23-1013-CV, --- F.4th ----, 2025 WL 310163, at *5 (2d Cir. Jan. 28, 2025) (quotations omitted). The Court identified this possibility in its opinion dismissing Plaintiff's previous complaint, which named various state officials as defendants but made no allegations against them. *See* FAC at 2, 5A–5B. The Court explained that Plaintiff's claims against those state officials, "construed liberally, may be interpreted to bring claims for injunctive relief against [them] in [their] official capacities," Dkt. No. 12 at 8 (citing *Edelman*, 415 U.S. at 677), but that "in the absence of any additional allegations against [them]," it was "clear from the face of the [FAC] that any Section 1983 claims against them [were] time-barred" for the same reasons that Plaintiff's claims against the state entities themselves were time-barred, *id.* at 8–10. Following that opinion, Plaintiff amended the complaint to drop his claims against the individual state officials, SAC at 2, and to state that "[p]ersonnel references of organiz[a]tional defendants are omitted," and that "the complaint . . . is actually directed against New York State and within jurisdictional oversight authority," *id.* at 5-5A.

8

### c. Plaintiff's Claims Against NYCHA Are Time-Barred

Plaintiff's claims against NYCHA are dismissed for the same reasons as in the Court's prior opinion. The SAC adds no new allegations against NYCHA. *See* SAC at 5C. Accordingly, it remains clear from the face of the pleading that Plaintiff's claims against NYCHA are time-barred. As the Court explained in its prior order, "Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations." Dkt. No. 12 at 6 (quoting *Hogan*, 738 F.3d at 517). That is because "[i]n section 1983 actions, the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions,'" *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)) (alterations in original), which in New York is three years, N.Y. C.P.L.R. § 214(5). The three-year statute of limitations on Section 1983 claims begins to run "once the plaintiff knows or has reason to know of the injury which is the basis of his action." *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) (internal quotation marks and citations omitted). The limitations period may be tolled in accordance with "state tolling rules . . . unless state tolling rules would 'defeat the goals' of section 1983." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) (quoting *Pearl*, 296 F.3d at 80).

The statute of limitations on Section 1983 claims again defeats Plaintiff's claims against NYCHA. While "the statute of limitations is ordinarily an affirmative defense that must be raised in the answer," *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014), "an affirmative defense appearing on the face of a complaint may . . . be the basis for a *sua sponte* dismissal." *Pino v. Ryan*, 49 F.3d 51, 54 (2d Cir. 1995) (affirming *sua sponte* dismissal of untimely *pro se* Section 1983 action). Here, "it is clear from the face of the complaint . . . that the plaintiff's claims [against NYCHA] are barred as a matter of law." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024) (quoting *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015)). The allegedly improper Income Execution Order that grounds Plaintiff's claims against NYCHA was

9

issued in 1987, and the "correlative . . . [g]arnishment" of his income began in 1985.  SAC at 5C. Both alleged injuries occurred well outside of the three-year statute of limitations on Section 1983 actions in New York, *see Hogan*, 738 F.3d at 517, and both injuries would ordinarily be felt almost immediately, upon receipt of Plaintiff's next paycheck or benefit payment.  Plaintiff does not provide allegations suggesting that he did not know, or had no reason to know, of those injuries until a later date.  *See Veal*, 23 F.3d at 724.  Nor does the SAC provide allegations suggesting that the limitations period would be tolled.  *See Abbas*, 480 F.3d at 641.  Plaintiff alleges only that he "has attempted to resolve the issue by issuing a check to the creditor's attorney in order to cover legal and clerical fees connected with" the Income Execution Order.  SAC at 5C.  This allegation confirms Plaintiff's awareness of the alleged injury and does not permit an inference that the statute of limitations on Plaintiff's claims against NYCHA should be tolled.  *See Borrero v. Colvin*, No. 14CV5304-LTS-SN, 2015 WL 1262276, at *4–5 (S.D.N.Y. Mar. 19, 2015) (dismissing *pro se* complaint because the plaintiff had not met his burden of demonstrating that the statute of limitations was tolled); *see also Abbas*, 480 F.3d at 640–41 (affirming dismissal of *pro se* complaint after finding that statute of limitations was not tolled).

Accordingly, it remains clear from the face of the Amended Complaint that Plaintiff's Section 1983 claim against NYCHA is time-barred.

### IV. IMPLIED STATE LAW CLAIMS

To the extent that the SAC can be interpreted as bringing claims under state law, *see Triestman*, 470 F.3d at 474 (noting that pro se pleadings must be interpreted "to raise the strongest arguments that they suggest" (internal quotation marks and emphasis omitted)), the Court declines to exercise supplemental jurisdiction over those claims.  A federal district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims

have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any claims under state law that may be implied from Plaintiff's *pro se* pleading. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (noting the "discretionary nature" of the exercise of supplemental jurisdiction). Any such claims are dismissed without prejudice.

## V. LEAVE TO AMEND IS DENIED

Plaintiff's claims are dismissed without further leave to amend. In this circuit, "a *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once." *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013); *see also Wachtler*, 35 F.3d at 82 (holding that plaintiffs must be given "notice and an opportunity to be heard" before their claims are dismissed *sua sponte* (quotation omitted)). That has now occurred. The Court's order dismissing Plaintiff's prior complaint "provided [him] with notice of the deficiencies" therein and granted him the opportunity to amend the complaint "to correct those deficiencies." *Thomas v. Carter*, 581 F. Supp. 3d 651, 656 (S.D.N.Y. 2022) (dismissing *pro se* complaint *sua sponte* without leave to amend a second time); *see also Moroshkin v. Dietsche*, No. 22-487-CV, 2022 WL 16570779, at *1 (2d Cir. Nov. 1, 2022) (noting that "being given leave to amend" provides a *pro se* plaintiff with the "opportunity to be heard"). Plaintiff's amended complaint not only does not correct the deficiencies in his prior complaint, it adds virtually no new factual allegations against Defendants. *See supra* Part I. Granting further leave to amend "would thus be futile," as "[t]he problem with [Plaintiff's] causes of action" based on his factual allegations "is substantive; better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The Court therefore declines to grant Plaintiff further leave to

amend. *See, e.g.*, *id.* ("[A] futile request to replead should be denied."); *Thomas*, 581 F. Supp. 3d at 656 (denying further leave to amend because "further amendment would be futile").

## VI. CONCLUSION

For the foregoing reasons, this action is DISMISSED without leave to amend. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff Michael John Murray at 1846 Matthews Avenue, Apartment #1R, Bronx, New York 10462. The Clerk of Court is also directed to terminate the motion pending at Dkt. No. 15, as this order renders that motion moot. Finally, the Clerk of Court is directed to enter judgment for the State of New York, the Graduate Center of the City University of New York, and the New York City Housing Authority, and to close this case.

SO ORDERED.

Dated: February 2, 2025
       New York, New York

_____
GREGORY H. WOODS
United States District Judge